UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUIS BANKS, B51155, | ) |
|     Petitioner, | ) ) ) |
|     v. | )   No. 15 C 7518 ) )   Judge Sara L. Ellis |
| SCOTT THOMPSON, Acting Warden, Pinckneyville Correctional Center,[1] | ) ) ) |
|     Respondent. | ) ) |

**OPINION AND ORDER**

Petitioner Louis Banks, who is currently incarcerated at Pinckneyville Correctional Center, is serving a forty-year sentence for attempted first degree murder and a concurrent twenty-year sentence for armed robbery. Banks has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Although the Court reaches his judicial bias claim and claims of ineffective assistance of appellate counsel for his alleged failures to argue the trial judge's reliance on extrinsic evidence and the correct standard of review on the merits, Banks has not shown that the state court's decisions on these issues were contrary to or an unreasonable application of clearly established federal law. The Court finds the remainder of Banks' claims procedurally defaulted or not cognizable on federal habeas review. Thus, the Court denies Banks' petition for a writ of habeas corpus.

---

[1] The Court substitutes Scott Thompson, presently the acting warden at Pinckneyville Correctional Center, as the proper Respondent in this matter. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Banks also moved this Court to stay proceedings on portions of his petition until the Illinois Appellate Court decided the appeal of the dismissal of his 735 Ill. Comp. Stat. § 5/2-1401(f) petition to vacate judgment. The appellate court affirmed the dismissal on March 31, 2016. *See People v. Banks*, 2016 IL App (1st) 141665-U. The Court therefore denies Banks' motion to stay proceedings as moot.

## BACKGROUND

The Court presumes that the state court's factual determinations are correct for the purpose of habeas review because Banks has not pointed to clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). The Court thus adopts the state court's recitation of the facts and begins by summarizing the facts relevant to Banks' petition.

### I. Banks' Trial and Conviction

A shooting near the 9300 block of South Emerald Avenue, Chicago, Illinois, killed Frederick Henderson and injured Robert Searcy. Prosecutors charged Banks and Gene Thomas with Henderson's murder and other crimes against Henderson and Searcy. Banks proceeded to a bench trial.

The evidence at trial established that Banks, Thomas, and Searcy attended a late-night backyard cookout in Maywood, Illinois on May 4, 2007. Searcy testified that he agreed to give Banks twenty-two-inch tire rims in exchange for three ounces of cocaine. Banks, Thomas, Searcy, and Henderson then left the cookout for the south side of Chicago, where Banks had the drugs. Because only three rims fit in Searcy's car, Thomas put the fourth rim in his car. Thomas drove separately with Banks' son in a gray or silver Chevrolet, while Searcy, Henderson, and Banks took Searcy's car, a purple Cadillac.

After pulling into an alley on the 9300 block of South Emerald Avenue, Searcy, Henderson, and Banks stepped out of Searcy's car. As Searcy walked toward the trunk, Banks shot at Henderson and then at Searcy. A bullet grazed Searcy below the navel, leaving a burn mark on his skin. As Searcy ran to the north end of the alley, he heard Banks yell, "Hey, grab that other banger," which Searcy understood to mean another gun. *People v. Banks*, 2011 IL

App (1st) 092670-U, ¶ 8. Thomas and Banks' son then got out of Thomas' car and took the three rims from Searcy's car. Searcy heard two or three more gunshots as he ran out of the alley. After he saw Thomas' car drive down the street with one of the rims on the hood, Searcy returned to the alley. Unable to find Henderson, he got into his car and drove home. At some point thereafter, Searcy learned that Henderson had died and reported to the police that Banks and Thomas had shot Henderson. Searcy also contacted Banks by chirping his Nextel phone with a false name. When defense counsel asked Searcy why he called Banks, Searcy answered, "Revenge." *Id.* ¶ 11.

Searcy acknowledged at trial that he had a 1999 conviction for attempted aggravated arson and a pending misdemeanor charge for resisting a police officer. But Searcy stated that he had not been offered anything with respect to the pending charge in exchange for his testimony against Banks.

Chicago police officer Deirdra Simpson-Torres testified that on May 5, 2007, she was off duty at her home in the 9300 block of South Emerald Avenue. Around 3 a.m., she awoke to the sound of six or seven gunshots coming from the alley. Simpson-Torres looked out the window and saw a dark car parked in the alley and a man walking north through the alley. After the dark car left southbound, she saw a different man roll a tire with a shiny rim northbound, followed by a silver car driving southbound through the alley with a tire on the roof. After the car passed, she heard several more shots from the south end of the alley.

After hearing the evidence, the trial court found Banks guilty of armed robbery and the attempted murder of Searcy.[3] The trial court noted that Searcy had "baggage" as a witness due to his prior conviction, pending misdemeanor charge, plan to obtain drugs from Banks, failure to stay at the scene or call the police immediately after the shooting, and expressed desire for

---

[3] The court acquitted Banks of the charges involving Henderson.

revenge. *Id*. ¶ 13. Nonetheless, the trial court found Searcy's testimony credible, stating that much of it was corroborated, particularly by Simpson-Torres' testimony. At sentencing, the trial court imposed concurrent terms of imprisonment of forty years for the attempted murder and twenty years for the armed robbery.

## II.     Direct Appeal

With the assistance of counsel, Banks appealed to the Illinois Appellate Court, raising a challenge to the sufficiency of the evidence at trial. On November 28, 2011, the Illinois Appellate Court affirmed Banks' conviction, concluding that the "evidence was not 'so unsatisfactory, improbable, or implausible' to raise a reasonable doubt as to [Banks'] guilt." *Id.* ¶ 20 (quoting *People v. Slim*, 537 N.E.2d 317, 319, 127 Ill. 2d 302, 130 Ill. Dec. 250 (1989)). Banks then filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court. In the PLA, Banks again raised only a sufficiency of the evidence challenge. The Illinois Supreme Court denied the PLA on March 28, 2012.

## III.    State Post-Conviction Proceedings

Banks filed a timely *pro se* post-conviction petition pursuant to 725 Ill. Comp. Stat. § 5/122-1 on September 13, 2012. He argued that (1) the trial judge should recuse himself because he was biased, relied on extrinsic evidence, and entered inconsistent verdicts; (2) appellate counsel was ineffective for failing to argue on direct appeal that the trial judge relied on extrinsic evidence; (3) appellate counsel was ineffective for failing to argue the correct standard of review on direct appeal; (4) the firearm enhancement he received is unconstitutionally vague and serves as an impermissible double enhancement; and (5) his warrantless arrest and detention violated 735 Ill. Comp. Stat. § 5/109-1(a)'s requirement for a

4

*Gerstein* hearing, and counsel was ineffective for failing to raise this issue. The trial court summarily dismissed the petition on December 11, 2012.

Banks' appointed counsel for the appeal filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987), asserting Banks had no arguable bases for relief. Counsel discussed four of the issues Banks raised in his post-conviction petition: (1) the trial judge's bias and reliance on extrinsic evidence, (2) appellate counsel's ineffective assistance in not arguing that the trial court relied on extrinsic evidence, (3) the constitutionality of the firearms enhancement, and (4) the legality of Banks' arrest and detention. Banks responded, addressing the bias, extrinsic evidence, and arrest and detention claims raised by his counsel. He also advanced arguments that the trial judge relied on hearsay, made improper factual findings, and rendered an inconsistent verdict. Finally, Banks claimed he received ineffective assistance of counsel in his direct appeal because counsel did not argue that the court used the wrong legal standard in evaluating the sufficiency of the evidence. On June 30, 2014, the Illinois Appellate Court affirmed the denial of the petition and allowed counsel to withdraw.

Banks filed a PLA with the Illinois Supreme Court on August 15, 2014. In his PLA, Banks raised the following issues: (1) the trial judge's bias, (2) the trial judge's reliance upon extrinsic evidence, (3) the trial judge's reliance on hearsay, (4) the trial judge's inconsistent verdicts, (5) appellate counsel's failure to argue that the trial judge relied on extrinsic evidence, (6) appellate counsel's failure to argue the correct standard of review, (7) the firearm enhancement, (8) Banks' warrantless arrest and detention, and (9) post-conviction appellate counsel's withdrawal from the appeal. The Illinois Supreme Court denied the PLA on

5

November 26, 2014. Banks then timely filed his federal habeas corpus petition with this Court on August 26, 2015.

## LEGAL STANDARD

A habeas petitioner is entitled to a writ of habeas corpus if the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Court]." *Williams v. Taylor*, 529 U.S. 362, 404–05, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). An "unreasonable application" of federal law occurs if the state court correctly identified the legal rule but unreasonably applied the controlling law to the facts of the case. *See id.* at 407. Whether a state court's application of Supreme Court precedent is unreasonable is judged by an objective standard. *Id.* at 409; *Winston v. Boatwright*, 649 F.3d 618, 624 (7th Cir. 2011).

## ANALYSIS

The Court understands Banks to present the following claims in his petition:

(1)    the trial judge was biased (Doc. 1 at 13–16);

(2)    the trial judge relied on extrinsic evidence (Doc. 1 at 16–18);

(3)    the trial judge admitted and relied on improper hearsay evidence (Doc. 1 at 18–23);

(4)    the trial judge made incorrect factual findings (Doc. 1 at 23–34);

(5)    the trial judge rendered inconsistent verdicts (Doc. 1 at 34–41);

6

(6) Banks received ineffective assistance of counsel on direct appeal based on:

    a. counsel's failure to argue that the trial judge was biased (Doc. 1 at 41–44);

    b. counsel's failure to argue that the trial judge relied on extrinsic evidence and made incorrect factual findings (Doc. 1 at 41–44);

    c. counsel's failure to argue that the trial judge admitted and relied on improper hearsay evidence (Doc. 1 at 41–44);

    d. counsel's failure to argue that the trial judge rendered inconsistent verdicts (Doc. 1 at 41–44);

    e. counsel's failure to argue the correct standard on direct appeal (Doc. 1 at 44–46);

    f. counsel's failure to argue the ineffectiveness of trial counsel (Doc. 1 at 46–50); and

    g. counsel's failure to argue that Banks' arrest and detention violated the Fourth Amendment (Doc. 1 at 47–50);

(7) Banks received ineffective assistance of counsel because his post-conviction appellate counsel sought to withdraw from the representation in violation of Banks' Sixth Amendment rights (Doc. 1 at 50–52); and

(8) the trial judge did not comply with Illinois' post-conviction procedures (Doc. 1 at 52–55).[4]

Respondent argues that claims 1 and 6(b) do not have merit. Respondent further contends that Banks procedurally defaulted claims 3, 6(a), 6(c), 6(d), 6(e), 6(f), and 6(g) because Banks did not present them through one complete round of state court review. Finally, Respondent maintains that claims 2, 4, 5, 7, and 8 are not cognizable on federal habeas review.

## I. Procedural Default

A petitioner must fairly present his claims to all levels of the Illinois courts to avoid procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To be "fairly presented," a petitioner must pursue his claim through one complete round

---

[4] While addressing all these claims, Respondent sets them forth differently, meaning that the Court's numbering of the claims differs from that used by Respondent.

of state court review, either on direct appeal or in post-conviction proceedings. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). In Illinois, this means appeals up to and including the filing of a PLA to the Illinois Supreme Court. *O'Sullivan*, 526 U.S. at 845–46; *Duncan v. Hathaway*, 740 F. Supp. 2d 940, 945 (N.D. Ill. 2010). When a petitioner has failed to present his federal claim to the state courts and the opportunity to raise that claim has subsequently passed, the petitioner has procedurally defaulted the claim and it is not available for federal habeas review. *Gonzales v. Mize*, 565 F.3d 373, 380 (7th Cir. 2009). The Court has thoroughly reviewed the record to make the following findings as they relate to procedural default.

### A. Admission of Hearsay Evidence (Claim 3)

Respondent argues that Banks procedurally defaulted his claim that the trial court improperly admitted hearsay evidence because he did not fairly present the issue as a violation of the federal Constitution in his state court post-conviction proceedings. A petitioner "must provide the state courts with a fair opportunity to apply constitutional principles and correct any constitutional error committed by the trial court." *United States ex rel. Sullivan v. Fairman*, 731 F.2d 450, 453 (7th Cir. 1984). This requires the petitioner to present his claim "in such a way as to fairly alert the state court to any applicable constitutional grounds for the claim." *Id.* This can be done, "for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004). In determining whether a petitioner has sufficiently alerted the state courts to the constitutional nature of his claims, the Court looks to whether the petitioner "(1) relied on relevant federal cases applying constitutional analysis; (2) relied on state cases applying federal constitutional analysis to a similar factual situation; (3) asserted the claim in terms so particular as to call to mind a specific constitutional right; and (4) alleged a pattern of facts that is well within the

mainstream of federal constitutional litigation." *White v. Gaetz*, 588 F.3d 1135, 1139 (7th Cir. 2009). Here, Banks did none of these things on direct appeal or in post-conviction proceedings, failing to even hint at a federal constitutional claim, and so he has procedurally defaulted his hearsay claim (claim 3).[5]

### B. Ineffective Assistance of Counsel (Claims 6(a), 6(c), 6(d), 6(e), 6(f), and 6(g))

Respondent argues that Banks procedurally defaulted all of the bases for his claim that appellate counsel rendered ineffective assistance, save for that based on counsel's failure to argue that the trial judge relied on extrinsic evidence. Although ineffective assistance of counsel is a single claim, Banks must have raised the particular factual basis for each aspect of his ineffective assistance of counsel claim to preserve the respective argument. *Pole v. Randolph*, 570 F.3d 922, 934–35 (7th Cir. 2009). "A bare mention of ineffective assistance of counsel is not sufficient to avoid a procedural default; [the petitioner] must have 'identif[ied] the specific acts or omissions of counsel that form the basis for [his] claim of ineffective assistance.'" *Johnson v. Hulett*, 574 F.3d 428, 432 (7th Cir. 2009) (second alteration in original) (quoting *Momient-El v. DeTella*, 118 F.3d 535, 541 (7th Cir. 1997)). Thus, Banks "cannot argue one theory [of ineffective assistance of counsel] to the state courts and another theory, based on different facts, to the federal court." *Id.*

Banks did not raise an ineffective assistance of counsel claim based on the failure to address on direct appeal the trial judge's bias, inconsistent verdicts, or trial counsel's effectiveness in any of his post-conviction filings. He raised appellate counsel's failure to argue that the trial judge improperly admitted and relied on hearsay evidence only in his post-conviction PLA. Although Banks raised an independent claim that his arrest and detention

---

[5] Banks also did not present the hearsay issue as a stand-alone ground for relief in his post-conviction petition, instead raising it in the context of appellate counsel's failure to argue the proper standard of review.

9

violated his Fourth Amendment rights at every level of post-conviction review, he only argued appellate counsel's ineffectiveness with respect to this issue in his post-conviction petition and not on appeal or in his PLA. Because Banks did not assert these specific bases for his ineffective assistance claims (claims 6(a), 6(c), 6(d), 6(f), and 6(g)) on one complete round of state court review before raising them in his federal habeas petition, he has procedurally defaulted them. *Lewis*, 390 F.3d at 1025.

But the Court finds that Banks appropriately presented the other basis for ineffective assistance—failure to argue the correct standard on direct appeal (claim 6(e))—through one complete round of state court review. Respondent characterizes Banks' ineffective assistance of counsel claim for failing to argue the correct standard on direct appeal as procedurally defaulted because Banks did not argue the "distinct ground that counsel affirmatively argued the wrong standard" in his post-conviction briefing and habeas petition. Doc. 13 at 6 n.3. But Respondent insists on a more exacting standard than appropriate, focusing on the slightly different wording Banks has used over the years to raise the same issue, that his appellate counsel did not argue for a different standard of review on appeal. *Compare* Doc. 29-7 at 40–48 (in post-conviction petition, arguing that counsel "was ineffective for failing to present the proper standard of review under the reasonable doubt doctrine"); Doc. 12-6 at 41 (in response to counsel's motion to withdraw on appeal, arguing that counsel on direct appeal erred in "allowing the incorrect standard . . . to be affixed"); Doc. 12-8 at 4 (counsel "fail[ed] to argue the correct standard"). These slight variations in the formulation of the claim do not provide a basis for procedural default. Therefore, the Court will address this claim (claim 6(e)) on the merits.

C.  **Exceptions to Procedural Default**

A petitioner may nonetheless pursue a procedurally defaulted claim if he can establish cause for the default and actual prejudice as a result of the alleged violation of federal law or can

10

demonstrate that the Court's failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Johnson v. Loftus*, 518 F.3d 453, 455-56 (7th Cir. 2008). Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999) (citation omitted) (internal quotation marks omitted). Prejudice exists where the petitioner shows that the violation of his federal rights "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Lewis*, 390 F.3d at 1026 (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982)). The fundamental miscarriage of justice exception is "limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002). This requires new, reliable evidence of the petitioner's innocence in light of which "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Woods v. Schwartz*, 589 F.3d 368, 377 (7th Cir. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)).

Banks has not provided any basis for the Court to find cause or prejudice to excuse his procedural defaults. To the extent he seeks to rely on ineffective assistance to do so, Banks needed to present his ineffective assistance of counsel claims "to the state courts as an independent claim before . . . us[ing] [them] to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 489, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Gray v. Hardy*, 598 F.3d 324, 330 (7th Cir. 2010) ("But to use the independent constitutional claims of ineffective assistance of trial and appellate counsel as cause to excuse a procedural default, [petitioner] was required to raise the claims through one full round of state court review, or face procedural

default of those claims as well."). Because Banks did not sufficiently do so and he has not provided any other basis to excuse his procedural default, the Court cannot consider Banks' defaulted claims.

II. **Claims Not Cognizable on Federal Habeas Review**

Next, Respondent argues that several of Banks' claims do not implicate the Constitution and so are not cognizable on federal habeas review. "The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004). "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Id.* (citation omitted). First, Banks' claims that the trial judge improperly relied on extrinsic evidence and made incorrect factual findings (claims 2 and 4) involve questions of state law surrounding the admissibility and weight given to certain evidence. *See Ben-Yisrayl v. Buss*, 540 F.3d 542, 550 (7th Cir. 2008) (unreasonable findings of fact do not violate the Constitution); *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003) ("Federal habeas corpus relief does not lie for errors of state law[.]"); *Milone v. Camp*, 22 F.3d 693, 702 (7th Cir. 1994) ("The admissibility of evidence is generally a matter of state law."). Similarly, Banks' allegation that the trial judge rendered inconsistent verdicts (claim 5) does not rise to the level of a Constitutional violation. *See Mahaffey v. Schomig*, 294 F.3d 907, 921 (7th Cir. 2002) (denying habeas relief because the Constitution does not require consistent verdicts). To the extent Banks challenges his post-conviction proceedings (claim 8), that claim does not implicate a constitutional issue. *See United States ex rel. Anderson v. Hardy*, 779 F. Supp. 2d 816, 825 (N.D. Ill. 2011) (claim that state post-conviction trial court erred in dismissing post-conviction petition was not cognizable on federal

habeas review because it involved the application of state law). Finally, because states do not have an obligation to provide post-conviction relief, *see Finley*, 481 U.S. at 557, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254," 28 U.S.C. § 2254(i). Therefore, the Court also cannot consider Banks' claim for ineffective assistance of post-conviction counsel (claim 7) on federal habeas review.

### III. Substantively Reviewable Claims

#### A. The Trial Judge's Bias (Claim 1)

Banks argues that the trial judge exhibited bias and denied him a fair and impartial trial in violation of his Sixth and Fourteenth Amendment rights. Specifically, Banks claims that the trial judge showed "personal disdain" and "dislike of" Banks, as "reflected in the judgment entered against [him]." Doc. 1 at 13–14. The Illinois Appellate Court, in addressing counsel's *Finley* motion, agreed with counsel that Banks' bias claim did not have merit. Doc. 12-7 at 2. Although the appellate court did not include its reasoning for this decision, the Court may look to the entire record, including the *Finley* brief, to determine if the state court reasonably applied federal law. *See Woods v. Schwartz*, 589 F.3d 368, 375 (7th Cir. 2009).

The Sixth Amendment guarantees a criminal defendant the right to a speedy and public trial by an impartial factfinder. U.S. Const. amend VI. But "most matters relating to judicial disqualification d[o] not rise to a constitutional level." *Suh v. Pierce*, 630 F.3d 685, 691 (7th Cir. 2011) (quoting *FTC v. Cement Inst.*, 333 U.S. 683, 702, 68 S. Ct. 793, 92 L. Ed. 1010 (1948)). A judge must recuse himself where he has "a direct, personal, substantial, pecuniary interest" in the case. *Id.* (quoting *Tumey v. Ohio*, 273 U.S. 510, 523, 47 S. Ct. 437, 71 L. Ed. 749 (1927)). The Supreme Court, however, has not held that a judge must recuse himself "based *solely* on how the situation might have 'appeared' to an outside observer," in other words, based on the

appearance of bias. *Id.* at 691–92. Banks' mere disagreement with the trial judge's decisions does not provide a basis to find actual bias. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994) ("[J]udicial rulings alone most never constitute a valid basis for a bias or partiality motion. . . . [T]hey cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved."); *Guest v. McCann*, 474 F.3d 926, 932 (7th Cir. 2007) ("[A] petitioner pressing a judicial bias claim must demonstrate that the judge was 'actually biased in the petitioner's own case.' . . . [M]inor unfavorable rulings on various evidentiary issues . . . 'do not support a claim of actual bias.'" (quoting *Bracy v. Schomig*, 286 F.3d 406, 408 (7th Cir. 2002))). Nor has Banks presented a basis to find that the trial judge held some deep-seated antagonism toward him and so could not fairly assess the evidence before him. *Liteky*, 510 U.S. at 555 ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."). Despite Banks' belief, the trial judge did not rely on extrinsic evidence in commenting on the evidence or Banks' character, leaving Banks without a basis to support his bias claim. *Cf. id.* (judicial remarks during trial "*may* [support a bias challenge] if they reveal an opinion that derives from an extrajudicial source"). Therefore, the Court cannot conclude that the state court's disposition of the bias claim was contrary to or an unreasonable application of clearly established law.

    **B.**    **Ineffective Assistance of Appellate Counsel**

The Court next turns to the two aspects of Banks' ineffective assistance of appellate counsel claim that remain for review. To establish constitutionally ineffective assistance of counsel, Banks must show (1) "that counsel's representation fell below an objective standard of

14

reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In considering the first prong, the Court indulges "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and may not let hindsight interfere with its review of counsel's decisions. *Id.* at 689. For the second prong, a "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. This means a "substantial," not just "conceivable," likelihood of a different outcome in the case. *Cullen v. Pinholster*, 563 U.S. 170, 189, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 112, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)). The Court need not address both prongs of the *Strickland* test if one provides the answer. That is, if the Court determines that the alleged deficiency did not prejudice Banks, it need not consider the first prong. *Ruhl v. Hardy*, 743 F.3d 1083, 1092 (7th Cir. 2014). In reviewing the Illinois Appellate Court's decision, the Court must apply a "'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15, 134 S. Ct. 10, 187 L. Ed. 2d 348 (2013) (quoting *Cullen*, 564 U.S. at 188).

      **1.**      **Failure to Argue that the Trial Judge Relied on Extrinsic Evidence (Claim 6(b))**

Banks contends that, on direct appeal, his counsel rendered ineffective assistance by failing to argue that the trial judge relied on extrinsic evidence in reaching his decision. Banks asserts that the verdict must have been based on extrinsic evidence because "nothing of record supports the court's finding" that Searcy "had even been shot with a gun," Doc. 1 at 24, and so counsel should have raised the issue on direct appeal. The Illinois Appellate Court rejected Banks' claim. The Court cannot conclude that such a rejection was contrary to clearly

15

established law.  A state court is presumed to know and follow federal constitutional law, such as the *Strickland* standard, which has been routinely applied in criminal cases for many years.  *Burt*, 571 U.S. at 19; *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002).  And both the trial court and Banks' post-conviction counsel identified the proper standard governing ineffective assistance claims, albeit by citing to Illinois case law that tracks the *Strickland* standard.

Banks also cannot show that the appellate court unreasonably applied *Strickland* because appellate counsel's decision not to pursue the extrinsic evidence argument does not fall below an objective standard of reasonableness.  "Appellate counsel is not required to present every non-frivolous claim on behalf of her client."  *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015).  Indeed, "appellate counsel's performance is deficient under *Strickland* only if she fails to argue an issue that is both 'obvious' and 'clearly stronger' than the issues actually raised," a difficult test to meet.  *Id.* at 899.  Searcy testified to the evidence Banks claims was extrinsic, with Searcy's testimony alone sufficient to support the trial judge's finding.  *See Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) ("It is black letter law that testimony of a single eyewitness suffices for conviction even if 20 bishops testify that the eyewitness is a liar.").  Without any basis for the argument Banks wishes appellate counsel had made, appellate counsel cannot be faulted for failing to raise the issue of the trial judge's reliance on extrinsic evidence on direct appeal.  Therefore, the Illinois Appellate Court did not unreasonably apply *Strickland* with respect to this claim.

### 2. Failure to Argue the Appropriate Standard of Review (Claim 6(e))

Finally, Banks contends that his counsel did not argue for the correct standard of review on direct appeal and so provided ineffective assistance.  But this claim has no merit because

16

Banks' appellate counsel appropriately used the standard of review set forth in *Jackson v. Virginia*: "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *see* Doc. 12-1 at 19 (on direct appeal, stating that "[t]he reviewing court must determine whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). Although Banks apparently would have preferred that his appellate counsel also cite to other Illinois cases that discuss the standard to sustain a conviction or frame the argument in some other way, counsel's decision to cite *Jackson* and not other cases amounts to a strategic decision for which a claim of ineffective assistance does not lie. *See United States v. Malone*, 484 F.3d 916, 920 (7th Cir. 2007) (a reviewing court should not "play 'Monday morning quarterback' when reviewing claims that an attorney rendered constitutionally deficient representation in making decisions on how best to handle a case"). The appellate court on direct appeal considered the evidence under the appropriate standard and concluded that the prosecution presented sufficient evidence to sustain his convictions. Advocating for a different standard—one not supported by Supreme Court caselaw—would have amounted to a losing argument, meaning Banks cannot establish deficient performance or prejudice for counsel's failure to argue for such a different standard. *See Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel."). Therefore, the Illinois Appellate Court did not unreasonably apply *Strickland* in concluding that this basis for ineffective assistance of counsel had no merit.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (citing 28 U.S.C. § 2253(c)(2)). To make a substantial showing, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)). The requirement of a certificate of appealability is a threshold issue and a determination of whether one should issue neither requires nor permits full consideration of the factual and legal merits of the claims. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342.

For the reasons stated above, the Court finds no showing of a substantial constitutional question for appeal because reasonable jurists would not find this Court's rulings debatable. *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (citing *Slack*, 529 U.S. at 484–85). Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court denies Banks' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and declines to certify any issues for appeal under 28 U.S.C. § 2253(c).

Dated: May 16, 2019

                                                                         _____
SARA L. ELLIS
United States District Judge